Chief Justice Robertson,
delivered the opinion of the court.
Baker sold and covenanted to convey to William and Daniel Richardson, an acre of land, and the improvements upon it, in or near Richmond.
For a part of the consideration, they gave him two joint notes; one for 2000 lbs. of nails to he delivered in Lexington, thirty days after its date, (5th November, 1822,) the other for $342 40 cents, to be paid in iron and other specified articles, to be delivered at Lexington, nine months after the date, (5th November, 1822,) “at the common wholesale prices.”
These covenants not having been, discharged, and William Richardson having become a nonresident, Baker filed a bill in chancery, on the 8th of J anuary, 1826, for a decree for the amount of damages to which he was entitled, and for enforcing his equitable lien on the land.
Daniel Richardson answered the bill, and insisted, that Baker had not made and could not make a good title; that, by the agreement, the property covenanted to be paid was to be estimated and taken at its value in notes of the hank of the commonwealth; and that when the covenant for the $342 40 cents in iron, &.c, was executed, it contained a stipulation that the articles were to be estimated at “commonwealth’s wholesale prices;” but had since been improperly altered by an erasure of the letters “wealths.” He thereupon made his answer a cross-bill, and prayed for a rescisión of the contract.
Baker, in his answer to the cross-bill, did not deny that, by the agreement, the articles were to be estimated in commonwealth’s paper. But he denied the alleged erasure, and made Miller and Jarman, through whom he derived an equity to the acre of land, defendants, and prayed for a cohveyance.
On the hearing, the circuit court decreed a conveyance from Miller to Baker, and also, decreed that Ba *324 ker was entitled to one half of the amount at which the articles covenanted to be delivered in Lexington, were proved to have been worth in notes of the bank of the commonwealth, on the 5th of August, 1822, and to six per cent, interest thereon, from that date to the date of the decree; and appointed a commissioner to sell the- acre of land, unless, before the 1st day of the succeeding term, the amount decreed should fee paid; and to convey,to Baker the legal title, unless Miller should himself make a deed.
Vendor has a right, without suing at law, to go into a court of chancery to enforce his equitable lien on the land for the payment of the purchase money.
The money not having been paid, nor the deed made, the commissioner, in pursuance of the decree, sold the land and made the deed, and the court approved his report. Baker purchased the land at the commissioner’s sale, for something less than the sum decreed to him.
The jurisdiction of the circuit court, we do not doubt. The nom’esidence of one of the covenantors deprived Baker of full remedy at law. Besides, he had a right, without suing at law for damages, to apply to the chancellor for a decrée enforcing his lien on the land; and the. chancellor had a right, under these circumstances, to liquidate the damages.
Nor do we doubt the correctness of the decree overruling the prayer for rescisión. The title of Miller seems to have been indisputable, and the equity of Baker was not denied or doubted.
s; Nor do we feel authorized by the proof, to decide that the alleged erasure was such as to deprive Baker of benefit under the covenant for $412 40 cents in iron, &,c. It does not appear that the erasure was ma.de since the execution of the writing; and the chancellor should not deprive a party of his debt, in consequence of such an erasure, unless he should be satisfied, that it was improperly or fraudulently made.
But the decree gave to Baker more than he was entitled to. As it has not been denied that the property was, as alleged, in the answer of Richardson, to he estimated at its value in commonwealth’s paper, the specie value of the ascertained value in such paper, when each covenant became due, and legal interest on such value in money, constituted the true measure of damages. One covenant was due on the 5th of December^ *325 1829; the other was not due until the 5th of August, 1893. But the decree has given interest on the amount due upon each of them from the 5th of August, 1822!
Capcrton, tor plaintiffs: Tvrner, for defendant.
In decreeing full costs to Baker, the circuit court also erred. So much of the costs as were incurred by making Miller and Jarman parties, and in perfecting the title, should have been paid by Baker. His covenant, as he admits in his bill, bound him to make a good title; and therefore, the expense incurred in procuring such a title should devolve on him; although this court is not authorized to direct the sale to be set aside, yet the error, in the amount decreed to be due, ought to be corrected; because that decree might be enforced hereafter to the whole extent, or used as evidence of the amount actually due to Baker.
Wherefore, the decree is reversed, and the cause remanded, with instructions to render a proper decree for costs, and to modify the principal decree, so as to correct the error in its amount, unless, by supplemental proceedings,it shall be shown that the sale ought to be set aside,in which event, the circuit court will decree accordingly, and thereupon render a new decree for enforcing the lien. Unless the sale can be set aside, a new decree for another sale would be unnecessary and improper.